UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EASY ACTION MUSIC, W CHAPPELL MUSIC CORP. D/B/A WC MUSIC CORP., AND STYGIAN SONGS,<br><br>Plaintiffs,<br><br>v.<br><br>SWEET THINGS OF LOUISIANA INC. AND GUY OLANO, III<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Easy Action Music, W Chappell Music Corp. d/b/a WC Music Corp., and Stygian Songs (collectively, the "Plaintiffs"), by and through their undersigned attorneys, as and for their complaint against Defendants Sweet Things of Louisiana, Inc. ("STL") and Guy Olano, III ("Olano," and together with STL, the "Defendants"), alleges as follows:

## NATURE OF ACTION

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. Plaintiffs allege two (2) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, which is annexed hereto, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

1202125v1

- 2 -

## THE PARTIES

3.     The Plaintiffs named in Column 2[1] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

4.     On information and belief, Sweet Things of Louisiana, Inc. is a corporation organized under the laws of the State of Louisiana with offices at 222 London Avenue, Suite 100, New Orleans, Louisiana 70116.

5.     At all times hereinafter mentioned, STL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Garage Music Club, located at 810 Conti Street, New Orleans, Louisiana 70112.

6.     Musical compositions were and are publicly performed at the Garage Music Club.

7.     Defendant Guy Olano, III is an individual who resides and/or does business in this District.

8.     At all times hereinafter mentioned, Olano was, and still is, a principal, officer, director, and/or owner of STL.

9.     At all times hereinafter mentioned, Olano was, and still is, responsible for the control, management, operation and maintenance of the affairs of STL.

10.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at the Garage Music Club, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

---

[1]    All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

11. Each Defendant derives a direct financial benefit from the public performance of musical compositions at the Garage Music Club.

## JURISDICTION AND VENUE

12. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S. §§ 1331, 1338(a).

14. Defendants are subject to personal jurisdiction in Louisiana.

15. Venue is proper here pursuant to 28 U.S.C. § 1400(a) because the Defendants reside in this District. Moreover, venue is also proper under 28 U.S.C. § 1400(b) because the Defendants' infringing conduct occurred in this District where Defendants have a regular and established place of business.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

16. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly one million songwriter, composer, and music publisher members.

17. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

18. In undertaking the conduct complained of in this action, Defendant Olano knowingly and intentionally violated Plaintiffs' rights. Defendant's knowledge and intent are established by the following facts:

    a. On February 25, 2019, several copyright owners, also members of ASCAP, brought a copyright infringement action against Defendant Olano in this court, *Universal Polygram International Publishing, Inc., et al. v. Bamboulas, Inc and Guy Olano, III*, Civil No. 2:19-cv-01700-CJB-MBN.

    b. The *Universal International Publishing, Inc.* case was settled and dismissed.

19. ASCAP's representatives have contacted the Defendants more than eighty (80) times since December 2022, via mail, electronic mail and telephone to offer an ASCAP license for the Garage Music Club.

20. ASCAP's various communications gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Garage Music Club constitute copyright infringement.

21. Despite repeated reminders of his liability under the United States Copyright Law, Defendants have continued to publicly perform copyrighted musical compositions written and owned by ASCAP's members at Garage Music Club, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

22. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at the Garage Music Club, including the copyrighted works involved in this action, without permission, during the

hours that the establishment is open to the public for business and presenting musical entertainment.

23. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

24. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

25. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

26. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at the Garage Music Club, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at the Garage Music Club of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

29. The many unauthorized performances at the Garage Music Club include the performances of the two copyrighted musical compositions upon which this action is based.

30. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

31. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

1. That Defendant be duly cited to appear and answer this Complaint;

2. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them – and from causing or permitting the said compositions to be publicly performed at the Garage Music Club, or in any place owned, controlled, managed or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

3. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

4. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

- 7 -

5.      That Plaintiffs be granted any and all other relief that the Court may deem just and equitable.

                        Respectfully submitted,

Dated: March 9, 2026            **STONE PIGMAN WALTHER WITTMANN LLC**

By: _____
                        Bryant S. York (T.A.) (La. Bar No. 34165)
                        Kelly S. Smith (La. Bar No. 41419)
                        909 Poydras Street, Suite 3150
                        New Orleans, Louisiana 70112
                        Telephone: (504) 581-3200
                        Facsimile: (504) 581-3361
                        Email: byork@stonepigman.com
                                    ksmith@stonepigman.com

                        ***Counsel for Plaintiffs***